IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CENTURY METAL RECYCLING PRIVATE LIMITED, | * |
| Plaintiff | * |
| v. | CIVIL NO. JKB-12-2650 |
| METAL WORLDWIDE, INC., *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Background*

Pending before the Court is Plaintiff's Motion for Joinder and Motion for Leave to Amend Century Metal's Amended Complaint. (ECF No. 117.) The Court has considered it, Defendants' responses (ECF Nos. 123 & 144), and Plaintiff's replies (ECF Nos. 124 & 147). The motion will be denied in all respects other than Plaintiff's request to add TCC Wireless, Inc., as a defendant.

Plaintiff filed suit initially on July 5, 2011, in the District of Connecticut. (Compl., ECF No. 1.) On September 27, 2011, the district judge entered a scheduling order requiring amended pleadings to be filed by October 20, 2011. (ECF No. 53.) Plaintiff's amended complaint was filed by the deadline set in the scheduling order. (ECF No. 56.) Thereafter, motions to dismiss were filed on multiple grounds including lack of personal jurisdiction. (ECF Nos. 57-63, 66.) Concluding the district court lacked personal jurisdiction over Defendants but that such existed in the District of Maryland, the judge granted the motions to dismiss on that ground, and the case was transferred to this Court on September 6, 2012. (ECF Nos. 96 & 104.)

The Court held a conference call with counsel on September 26, 2012, and on October 11, 2012, Plaintiff filed the pending motion in which Plaintiff asks the Court to permit joinder of TCC Wireless, Inc., as a necessary party pursuant to Federal Rule of Civil Procedure 19 under a theory of successor liability (Count Ten, proposed second amended complaint). (ECF Nos. 117, 143.[1]) Additionally, Plaintiff requests leave to add new counts against all defendants under theories of statutory theft (Count Eleven), unjust enrichment (Count Twelve), conversion (Count Thirteen), and civil conspiracy (Count Fourteen). (*Id.*)

## II. *Standard for Motion to Amend*

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings. *See Moses v. Cowan Distrib. Servs., Inc.*, Civ. No. JKB-10-1809, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012). *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

---

[1] Plaintiff was required by the Court to resubmit a proposed second amended complaint that had consecutively numbered paragraphs. (9/10/2013 Order, ECF No. 142.) Plaintiff mistakenly filed a "substitute second amended complaint" (ECF No. 143), instead of filing a *proposed* second amended complaint. Although the Court will not strike the mistaken filing, the Court will consider both Defendants' opposition to Plaintiff's original motion (ECF No. 123) and Defendants' opposition to Plaintiff's refiled complaint (ECF No. 144).

*III. Analysis*

Although Plaintiff has not made a compelling case of good cause for not adding TCC Wireless earlier in the litigation, the Court will allow the amendment to the extent of adding this defendant.  Plaintiff represents to the Court that TCC Wireless is a necessary party because it is, upon Plaintiff's information and belief, a successor to the defendant Metal Worldwide, Inc.  If TCC Wireless is a necessary party, then the Court cannot render complete justice in its absence.  Thus, Plaintiff's Count Ten against TCC Wireless, Inc., will be allowed.

As to the rest of the counts, the Court concludes that Plaintiff has failed to satisfy the good cause standard of Rule 16(b).  Plaintiff states that "these causes of action arise out of the same facts which provide the foundation of the counts pending against the defendants since the initial complaint was filed on July 5, 2011."  (Mot. Amend, Supp. Mem. 6, ECF No. 118.)  But Plaintiff offers no explanation as to why these counts could not have been included in the original complaint or the amended one filed by the scheduling order's deadline, October 20, 2011.  Accordingly, these counts—Eleven, Twelve, Thirteen, and Fourteen—will not be allowed.  To the extent the docket of this case can be interpreted as having already allowed these four counts to be filed, they will be dismissed.

*IV. Conclusion*

Plaintiff will be allowed to add TCC Wireless, Inc., as a party defendant in Count Ten, and the formatting revisions will be accepted.  Otherwise, Plaintiff's request to add more counts against Defendant will be denied.  A separate order will follow.

DATED this 18th day of November, 2014.

                                        BY THE COURT:

                                        /s/
                                        James K. Bredar
                                        United States District Judge