IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| CENTURY METAL RECYCLING PRIVATE LIMITED, | * |
| Plaintiff | * |
| v. | CIVIL NO. JKB-12-2650 |
| METAL WORLDWIDE, INC., *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

The parties in this case are Plaintiff Century Metal Recycling Private Limited ("Century Metal") and Defendants Metal Worldwide, Inc. ("MWI"), Sachin Chhabra ("Chhabra"), R.K. Enterprises USA, Inc. ("RKE"), Worldwide Metals LLC ("Worldwide"), and TCC Wireless, Inc. ("TCC").[1]  Pending before the Court are Defendants' motion to set aside the entries of default against Metal Worldwide, Inc., and Worldwide Metals LLC (ECF No. 188) and Plaintiff's motion for default judgment as to the same two defendants (ECF No. 184).  The motions have been briefed (ECF Nos. 194, 196), and no hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  Defendants' motion will be granted and Plaintiff's motion will be denied.

*I. Background*

The Court believes it appropriate to set forth the complex procedural history of this case to provide context for its decisions on the pending motions.  This case was filed in the District of

---

[1] In its motion for default judgment, Plaintiff indicates that Worldwide Metal LLC is listed with the Maryland State Department of Assessments and Taxation as Worldwide Metal**s** LLC. (Pl.'s Mot. Def. J. 1 n.1, ECF No. 184 (emphasis added).)  The Clerk will be directed to amend the docket to reflect the correct spelling of this Defendant's name.

Connecticut four years ago in July 2011. (Compl., ECF No. 1.) A scheduling order was entered September 27, 2011; it set a briefing schedule for the anticipated motions to dismiss and further set a deadline of October 20, 2011, for Century Metal to file an amended complaint and any motions to join additional parties. (ECF No. 53.) Upon considering the motions to dismiss, that court addressed Defendants' objections to personal jurisdiction by transferring the case to the District of Maryland in September 2012. (ECF No. 104.) The other grounds for Defendants' motions to dismiss were not addressed prior to transfer. (ECF No. 96.)

Following a telephonic conference between this Court and the parties' counsel, all counsel were ordered to enter their appearances in this forum, which occurred October 10, 2012.[2] (ECF Nos. 113-116.) The next day, Century Metal filed a motion for joinder of another defendant (TCC Wireless, Inc.) and for leave to amend the complaint to add new causes of action. (ECF Nos. 117, 118.) Shortly after this motion became ripe, a suggestion of bankruptcy as to RKE was filed. (Sugg. Bankr. Dec. 6, 2012, ECF No. 125.) On May 13, 2013, the parties filed a joint status report indicating RKE's bankruptcy proceeding had closed and this litigation could proceed. (ECF No. 132.) However, the parties (not including RKE) also indicated they were engaged in discussions aimed at resolution of the case. (*Id.*) In response, the Court stayed further proceedings for thirty days (ECF No. 133) and referred the case to a magistrate judge for a settlement conference (ECF No. 135.) After extending the stay through July 10, 2013, to facilitate the settlement negotiations (ECF No. 138), the Court was notified that a settlement was not achieved. Thereafter, the Court disposed of the five outstanding motions to dismiss, held the motion to amend the complaint in abeyance pending Century Metal's resubmission of a properly

---

[2] R.K. Enterprises USA, Inc., which was represented by counsel in the District of Connecticut, has never been represented by counsel in this Court. All other Defendants have shared counsel in the District of Maryland.

formatted proposed amended complaint, and set a briefing schedule on that motion. (Order, Sept. 10, 2013, ECF No. 10.)

On the same day the motion to amend became ripe, Chhabra filed a suggestion of bankruptcy. (ECF Nos. 147, 148.) A year later, Century Metal filed a motion to lift the bankruptcy stay, which was granted unopposed on November 12, 2014. (ECF Nos. 151, 152.) The Court also granted the joinder of TCC, but denied otherwise Century Metal's motion to amend the complaint. (Order, Nov. 18, 2014, ECF No. 157.) Century Metal filed its amended complaint in accordance with the Court's order on December 4, 2014. (ECF No. 162.) Between the latter two events, Defendants' local counsel withdrew from the case. (ECF Nos. 159, 160.)

The Court held another telephonic conference, but with only Defendants' *pro hac vice* counsel, Chhabra *pro se*, and Plaintiff's counsel participating. (Dkt. Ent. Dec. 12, 2014.) In an effort to get the case moving again, the Court entered a scheduling order that included a deadline of December 22, 2014, for answers from all Defendants that had been served with the newly amended complaint and also included a discovery schedule and a deadline for dispositive motions. (Sched. Order Dec. 12, 2014, ECF No. 164.) Chhabra filed his *pro se* answer on December 19. (ECF No. 165.) Defendants' *pro hac vice* counsel withdrew from the case a few days later.[3] (ECF No. 166, 168.)

On December 30, Century Metal moved for Clerk's entries of default against MWI and Worldwide. (ECF No. 170.) Defaults were entered against those two parties on February 4, 2015. (ECF Nos. 176, 177.) On March 2, 2015, Defendants' local counsel reentered his appearance. (ECF No. 183.) But the same day, Century Metal filed a motion for default

---

[3] Under Local Rule 101.1.b.i, "[a]ny party represented by an attorney who has been admitted *pro hac vice* must also be represented by an attorney who has been formally admitted to the Bar of this Court . . . ." Since Defendants' local counsel had withdrawn from the case, *pro hac vice* counsel could no longer represent Defendants and rightly moved to withdraw his representation.

judgments against MWI and Worldwide.  (ECF No. 184.)  TCC Wireless, Inc., was granted permission to late-file its answer to the complaint, and its answer was filed March 13, 2015.  (ECF Nos. 186, 189, 191.)  On March 17, Defendants moved to set aside the entries of default against MWI and Worldwide.  (ECF No. 188.)  With leave of Court, Chhabra filed an amended answer through counsel on April 1.  (ECF No 193.)  Discovery has continued pursuant to the scheduling order.  The case was referred to a magistrate judge for discovery matters and scheduling issues, and those matters have been briefed and addressed.  (ECF Nos. 202-207.)

As can be seen from the case's history, the greatest source of delay in the case since transfer to this Court has, by far, been that resulting from the two bankruptcy stays.

## II.  *Standard for Vacating Entries of Default*

Rule 55(c) of the Federal Rules of Civil Procedure permits a district court to set aside an entry of default for good cause.  The Fourth Circuit has provided guidance as to how a district court determines whether good cause exists:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).  Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).  Thus, both Rule 55(c) and Rule 60(b) "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.

1969). If any doubt exists as to whether relief should be granted, it is to be "resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

### III. *Analysis*

The Court has carefully considered the parties' respective submissions in light of the case's history. Although Plaintiff has been understandably frustrated by the length of time this case has been in litigation, the Court does not find that Defendants MWI and Worldwide have a pattern of dilatory tactics. Further, the two affidavits of Chhabra before the Court (ECF No. 59-4 and ECF No. 196-1) provide reasonable ground for the Court to conclude that MWI and Worldwide may have meritorious defenses to the complaint. He flatly contradicts the substance of Century Metal's claims with information regarding MWI's and Worldwide's corporate and financial history. Chhabra's more recent affidavit also indicates that the period of time between withdrawal of local counsel and their subsequent reappearance—a time when Defendants were clearly floundering in the litigation process—coincided with severe financial difficulties. (Chhabra Aff. ¶¶ 2-4, Apr. 20, 2015.) Upon local counsel's reengagement in the case, Defendants promptly sought relief from the entries of default. This is not to say that Defendants are not responsible for the failure to answer according to the Court's established deadline. They are. Even so, the Court takes into account the reason underlying that failure and does not find that Defendants intentionally flouted the Court's order. Finally, aside from the general prejudice any party suffers from delays in litigation, no particular prejudice to Century Metal can be discerned.

In summary, the Court concludes it would be inappropriate to leave in place the entries of default and it would be equally inappropriate to enter default judgments against MWI and Worldwide. Justice will be better served by addressing the merits of Plaintiff's claims against all

Defendants, including MWI and Worldwide. The question of a lesser sanction than default judgment is a close call, and the Court does not find unreasonable Plaintiff's request for its costs connected with opposing Defendants' motion. Plaintiff's additional request for reimbursement of costs associated with prosecuting its motion for default judgment is, however, less justifiable and is denied. The Court will withhold any award of fees and costs incurred by Plaintiff as to Defendants' motion and will consider the question after Plaintiff submits its detailed request for the same.

## IV.  Conclusion

In accordance with the Court's opinion herein, IT IS HEREBY ORDERED:

1. The Clerk SHALL AMEND the docket to reflect the correct spelling of the name of the Defendant, Worldwide Metals LLC.
2. Defendants' motion to set aside the entries of default (ECF No. 188) IS GRANTED.
3. Plaintiff's motion for default judgment (ECF No. 184) IS DENIED.
4. The Clerk SHALL VACATE the entries of default against MWI and Worldwide (ECF Nos. 176, 177).
5. MWI and Worldwide SHALL ANSWER no later than August 24, 2015.
6. If Plaintiff submits a detailed request for fees and costs, as described *supra*, then it shall do so no later than August 26, 2015.

DATED this 17th day of August, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge